IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| RICKY W. MOORE, | : | |
| --- | --- | --- |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 4:10-CV-91-CDL-MSH |
| | : | |
| ANTHONY WASHINGTON, AHMED | : | 42 U.S.C. § 1983 |
| HOLT, and JERRY JEFFERSON, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff, Ricky Moore, presently an inmate at Rutledge State Prison in Columbus, Georgia, has filed the above styled Section 1983 action against the named defendants. Upon a preliminary review, it is recommended that Plaintiff's case be dismissed.

## PLAINTIFF'S COMPLAINT

Plaintiff is currently serving a life sentence following a conviction of murder in the Colquitt County Superior Court. (R.1 at 1.) In his complaint, Plaintiff contends that he was assigned to Rutledge State Prison in November 2008, and was transferred out by Warden Jerry Jefferson because his life was in danger from other inmates. (*Id.*) He claims that he was recently transferred back to Rutledge State Prison and that "the gang members" are still attempting to kill him. (*Id.*) Plaintiff alleges that he has attempted to be transferred or be put in protective custody, but that the named Defendants have each refused to do so. (*Id.*) Plaintiff also alleges that there are no water sprinklers in the facility and that there are ants. (*Id.*) He claims that he is covered in ant bites and bumps. (*Id.*) His complaint reveals that he is seeking only injunctive relief in the form of a transfer "over to the federal corrections

institution" because his life is in danger in the state's corrections institution.[1] (*Id.* at 5.)

## STANDARD UPON PRELIMINARY REVIEW

Plaintiff's Complaint is before this court for initial screening pursuant to the provisions of the Prisoner Litigation Reform Act as codified at 28 U.S.C. § 1915A(a) & (b), to wit:

> The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . . On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Pursuant to 28 U.S.C. § 1915(e)(2), the court is required to dismiss an *in forma pauperis* complaint, or any portion thereof, if the court determines that it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

Title 42 of the United States Code, Section 1983, reads, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

---

[1] No further relief is sought by Plaintiff nor is there a general prayer for relief, relief in the alternative, or relief of a different type other than the specific injunctive relief sought. Fed.R Civ.Pro. 8(a)(3).

injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

The United States Supreme Court has held that to state a viable § 1983 claim, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978).

## DISCUSSION

### I. Injunctive Relief

As noted above, in his first claim, Plaintiff alleges that he sought to be put into "protective custody" and to be transferred following threats on his life by fellow inmates. (R. 1.) He contends that the named Defendants have refused to do as he asks. (*Id.*) Plaintiff seeks relief in the form of a transfer "over to the federal corrections institution" because his life is in danger in the state's corrections institution. (*Id.* at 5.)

Pursuant to 28 U.S.C. § 1915(e)(2), Plaintiff's allegations in this case fail to state a claim upon which the relief he seeks may be granted. First, a prisoner does not have an constitutionally protected right to receive a transfer to a different prison nor avoid transfer from one prison to another. *Meachum v. Fano*, 427 U.S. 215 (1976). Furthermore, this court is without the authority to transfer Plaintiff from the state prison system into the federal prison system. As such, his claim must be dismissed for failing to state a claim.

### II. *De Minimis Injury* Requirement

As stated above, Plaintiff Moore also complains that he has been bitten by ants while housed at Rutledge State Prison and that he had red bumps as a result of the bites. (R. 1). The Plaintiff, however, seeks no relief with regard to this problem.

The United States Supreme Court has held that federal courts are permitted to "pierce the veil" of a prisoner's *in forma pauperis* complaint to review "factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitztke v. Williams,* 490 U.S. 319, 327 (1989). The Court has also determined that complaints regarding conditions of confinement, are analyzed under the Eighth Amendment. *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981). The Court stated that even though conditions of confinement may be harsh and cause discomfort, to violate the Eighth Amendment the conditions of confinement must involve the "unnecessary and wanton infliction of pain" and deprive an inmate of the "minimal civilized measure of life's necessities." *Id.* at 347.

Furthermore, a prisoner plaintiff seeking relief under 42 U.S.C. § 1983 must allege more than *de minimis* physical injury to state a claim for physical or emotional damages-regardless of the nature of the claim. 42 U.S.C. § 1997e(e); *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 2000). In the absence of any definition of "physical injury" in 42 U.S.C. § 1997e(e), a sister court has identified a guide for determining the types of injuries that surmount the *de minimis* physical injury bar as follows:

> A physical injury is an observable or diagnosable medical condition requiring treatment by a medical care professional. It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which lasts even up to two or three weeks. People in regular and ordinary events and activities in their daily lives

4

> do not seek medical care for the injuries they receive unless it obviously appears to be of a serious nature, or persists after home remedy care. Thus, the seriousness of the injury needed to rise above *de minimis,* would under *Siglar v. Hightower,* (cite omitted)*,* require more than the types and kinds of bruises and abrasions about which the Plaintiff complains. Injuries treatable at home and with over-the-counter drugs, heating pads, rest, etc., do not fall within the parameters of 1997e(e).

*Luong v. Hatt,* 979 F. Supp. 481 (N.D. Tex. 1997).

In this case, the Plaintiff's only stated "injury" involves the red bumps which developed as a result of the alleged ant bites. Although admittedly unpleasant, there is no indication that the bumps or rash was severe enough to warrant medical attention or had any lasting effects. A rash cause by ant bites, as described by the Plaintiff, can hardly rise to the level of the physical injury necessary to warrant relief under § 1983. Plaintiff's claim must, therefore, be dismissed as frivolous.

WHEREFORE, IT IS HEREBY RECOMMENDED that the current Complaint be DISMISSED without prejudice for failing to state a claim upon which relief may be granted and as frivolous. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within FOURTEEN (14) DAYS after being served with a copy hereof.

So RECOMMENDED, this 1st day of September, 2010.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE

lws