IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| RICKY W. MOORE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 4:10-CV-91-CDL-MSH |
| | * | 42 U.S.C. § 1983 |
| ANTHONY WASHINGTON, *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | * | |

## REPORT AND RECOMMENDATION

Presently pending before the Court is Defendants' Motion to Dismiss. (ECF No. 31.) Plaintiff was notified of his right to respond to the motion to dismiss, but failed to respond in the time allowed. Plaintiff, however, filed a Motion for Continuance/ Motion to Amend which was denied. (ECF No. 35.) Plaintiff then filed a Motion for Judgment on the Pleadings, to which the Defendants have responded. (ECF Nos. 36, 37.) For the reasons stated below, Defendants' motion to dismiss should be granted. Plaintiff's motion for judgment on the pleadings should be denied.

## BACKGROUND

Plaintiff, who filed the current civil action on August 19, 2010, is currently serving a life sentence following a conviction of murder in the Colquitt County Superior Court. (Compl. 1, ECF No. 1.) In his Complaint, Plaintiff contends that he was assigned to Rutledge State Prison in November 2008, but was transferred out by Warden Jerry Jefferson because his life was in danger from other inmates. (*Id.*) He claims that he was

1

recently transferred back to Rutledge State Prison and that "the gang members" are still attempting to kill him. (*Id.*) Plaintiff alleges that he has attempted to be transferred or be put in protective custody, but that the named Defendants have each refused to do so. (*Id.*) In his Amended Complaint, Plaintiff states that someone he testified against has "put a hit" on him. (Am. Compl. 4, ECF No. 9.) Plaintiff seeks only injunctive relief in the form of a transfer "over to the federal corrections institution" or that the Defendants be fired because his life is in danger in the state's corrections institution.[1] (Compl. 5.)

## DISCUSSION

### I. Standard on Motion to Dismiss

When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable

---

[1] No further relief is sought by Plaintiff nor is there a general prayer for relief, relief in the alternative, or relief of a different type other than the specific injunctive relief sought. Fed.R Civ.Pro. 8(a)(3).

expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

## II.     Abuse of Process

In Defendants' motion to dismiss, they contend that Plaintiff's case should be dismissed for abuse of the judicial process because he failed to acknowledge that he had filed prior lawsuits in the federal district court related to his imprisonment. (Defs.' Mot. to Dismiss 4.) Specifically, the Defendants contend that in both his Complaint (ECF No. 1) and Amended Complaint (ECF No. 9), where Plaintiff was asked "[o]ther than the appeal of your conviction or sentence, have you ever submitted a lawsuit for filing in any federal or state court dealing with the SAME FACTS involved in this lawsuit *or otherwise related to your imprisonment*?", Plaintiff checked the box that stated "No." (Compl. and Am. Compl. 2)(emphasis added). Defendants argue that this affirmatively untruthful response by Plaintiff should result in a dismissal of his action without prejudice. (Defs.' Mot. to Dismiss 7.)

Other district courts within the Eleventh Circuit have ruled that a prisoner's failure to disclose prior lawsuits filed regarding his imprisonment in federal court requires dismissal of the case without prejudice. Specifically, the United States District Court for the Northern District of Florida recently held that "[i]f Plaintiff suffered no penalty for his untruthful responses [in the Complaint], there would be little or no disincentive for his

3

attempt to evade or undermine the purpose of the form." *Williams v. Wiggins*, 2010 WL 4983665, slip op. at *2 (M.D. Fla. Dec. 2, 2010); citing *Johnson v. Crawson,* 2010 WL 1380247, slip op. at *4 (N.D. Fla. Mar. 03, 2010); *see also Hood* v. Thompkins*,* 197 F. App'x 818, 819 (11th Cir. 2006)(affirming district court's dismissal without prejudice of civil rights case based on the plaintiff's failure to list prior lawsuits because the question on the complaint form asking about prior lawsuits in federal court was not ambiguous); *Thomas v. Ammons*, 2009 WL 5174109, at *2 (S.D. Ga. Dec. 23, 2009) (dismissing case without prejudice based on the plaintiff's failure to disclose prior cases that had been voluntarily dismissed or dismissed without prejudice despite the plaintiff's contention that he did not intend to deceive the court); *Brown v. Overstreet*, 2008 WL 282689, at *1 (S.D. Ga. Jan. 30, 2008) (dismissing case without prejudice and holding "although Plaintiff may not have intended to deceive the Court, the fact remains that he did provide dishonest information concerning his filing history . . . . [T]he Court cannot tolerate any false response or statements in pleadings because, if the Court cannot rely on the statements or responses submitted, the quality of justice is threatened."); *Rolle v. Crosby*, 2005 WL 3087863, *2 (M.D. Fla. Nov. 16, 2005) (dismissing case without prejudice based on the plaintiff's failure to list prior cases on complaint). Furthermore, as the Defendants' noted in their brief, the Eleventh Circuit has very recently affirmed a district court ruling dismissing an inmate's complaint due to his failure to disclose his previous lawsuits. *See Redmon v. Lake Cnty. Sheriff's Office,* 2011 WL 476601, slip op. at *4 (11th Cir. Feb. 10, 2011).

4

A review of the Plaintiff's litigation record reveals that he has filed three lawsuits in the United States District Court for the Southern District of Georgia, namely *Moore v. Jarriel, et al.,* Case No. 6:09-CV-67; *Moore v. Buckner, et al.,* Case No. 6:10-CV-28 (transferred to the Northern District of Georgia- Case No. 1:10-CV-1160); and *Moore v. Paul, et al.,* Case No. 6:10-CV-43. Each of those cases was ultimately dismissed in the defendants' favor. Thus, when the Plaintiff completed the Questionnaire for Prisoners Proceeding Pro Se under 42 U.S.C. § 1983 in both his original and amended complaints and affirmatively noted that he had filed no previous lawsuits, he deliberately attempted to mislead the Court. Even if Plaintiff were to claim that he merely misunderstood the question, dismissal would still be warranted. *Redmon*, 2011 WL 476601 at *4. For this reason, Plaintiff's case should be dismissed for abuse of the judicial process.

## III. Exhaustion of Administrative Remedies

Pursuant to the Prison Litigation Reform Act (PLRA), Congress mandated that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Accordingly, the United States Supreme Court has held that an inmate must fully and properly exhaust all available administrative remedies before he can file a section 1983 lawsuit in federal court. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought

in court."). The court has no discretion to waive the exhaustion requirement in the event a claim has not been fully and properly exhausted prior to filing. *See Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998); *see also Porter v. Nussle*, 534 U.S. 516, 532 (2002) (holding that the exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong"). "Proper" exhaustion requires a prisoner to comply with the specific prison grievance procedural requirements. *See Woodford*, 548 U.S. at 95. In addition, an inmate must "provide with his grievance all relevant information reasonably available to him." *Brown v. Sikes*, 212 F.3d 1205, 1208 (11th Cir. 2000).

Because "failure to exhaust is an affirmative defense under the PLRA, . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at 216. However, a complaint may still be dismissed pursuant to the PLRA "if an affirmative defense, such as failure to exhaust, appears on the face of the complaint." *Anderson v. Donald*, 261 F. App'x 254, 255 (11th Cir. 2008). Satisfaction of the exhaustion requirement is a precondition to filing a lawsuit, and therefore exhaustion must be accomplished before the suit is filed. *McDaniel v. Crosby*, 194 F. App'x 610, 613 (11th Cir. 2006) (per curiam) (citing *Alexander*, 159 F.3d at 1325-26). Requiring exhaustion prior to filing "allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones*, 549 U.S. at 204.

The Eleventh Circuit has addressed the proper form of a pretrial motion challenging a plaintiff's failure to exhaust his administrative remedies, holding:

> Because exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits, an exhaustion defense . . . is not ordinarily the proper subject for a summary judgment; instead, it "should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment." *Bryant v. Rich,* 530 F.3d 1368, 1374-75 (11th Cir. 2008) (quoting *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368-69 (9th Cir. 1988)). Defendants therefore properly raised the exhaustion defense in an unenumerated Rule 12 motion to dismiss. *See id.* at 1375. When motions to dismiss are based on issues not enumerated under Rule 12(b), such as the instant case, Federal Rules of Civil Procedure Rule 43(c) governs and "permits courts to hear evidence outside of the record on affidavits submitted by the parties." *Id.* at 1377 n.16. Thus, as Defendant has done here, the parties may submit documentary evidence concerning the exhaustion issue and doing so will not require the conversion of the motion to dismiss into a summary judgment motion. In addition, the judge may resolve factual questions concerning a plaintiff's alleged failure to exhaust nonjudicial remedies, "so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." *Id.* at 1376 (footnote omitted).

Shortly after its decision in *Bryant*, the court developed a two-step process to assist courts in deciding a motion to dismiss for failure to exhaust administrative remedies. *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). Specifically, the court held:

> First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. . . . If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion. The defendants bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies. Once the court makes findings on

7

the disputed issues of fact, it then decides whether under those findings the
prisoner has exhausted his available administrative remedies.

*Id.* at 1082-83 (internal citations omitted); *see also Williams v. Marshall*, 319 F. App'x 764, 767 (11th Cir. 2008) (per curiam). Defendants, however, "bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies." *Turner*, 541 F.3d at 1082.

In his Complaint and Amended Complaint, Plaintiff avers that he filed grievances regarding the issues complained of, but states that the Defendants refused to answer them. (ECF Nos. 1, 9.) Defendants contend that Plaintiff failed to exhaust the prison's grievance procedure with respect to his claims. In support of this contention, Defendants provide the affidavit of Chief Counselor Debbie King, the alternate Grievance Coordinator at Rutledge State Prison. In her affidavit, King explains that upon entering the Georgia Department of Corrections, each inmate is given a copy of the Orientation Handbook for Offenders, which contains the grievance procedure. (King Aff. ¶ 7, Mar. 10, 2011; ECF No. 38.) An inmate is required to file a written grievance within ten days of the incident about which he complains. (*Id.* ¶ 11.) If the inmate is unsatisfied with the response to his grievance, he may appeal it by filing a formal grievance with the Warden within five days. (*Id.*) If the informal grievance was filed out of time, the inmate is allowed to state why, and the grievances filed out of time are reviewed for good cause. (*Id.*) If the inmate remains unsatisfied by the Warden's response to his formal grievance, he may appeal it to the Office of the Commissioner within five days. (*Id.*) This process satisfies the exhaustion requirement of the grievance procedure.

After having reviewed Plaintiff's entire grievance file, King avers that since Plaintiff's arrival at Rutledge State Prison, he had filed nine informal grievances.[1] (Aff. ¶ 16.) Attached to their motion to dismiss are copies of each of the informal grievances filed by Plaintiff while he was incarcerated at Rutledge State Prison. Six informal grievances were filed prior to the filing of this lawsuit and were resolved by the initial response to the grievance as evidenced by Plaintiff's signature and check mark indicating in the affirmative that the complaint had been resolved. (Defs.' Br. in Supp. of Mot. to Dismiss, Exs. B-G; ECF No. 31). Of the three remaining grievances filed, one was rejected due to the language used by Plaintiff and two proceeded to the formal grievance stage. (*Id.* Exs. H-J.) It is noted that of the nine grievances filed, two referenced Plaintiff's request to be placed into protective custody, but were both were apparently resolved to his satisfaction. (*Id.* Exs. E, G).

As stated above, when considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). In this case, Plaintiff stated in his Complaint that he filed grievances according to the grievance procedure, but that "Deputy Warden Holt refused to answer [them]." (Am. Compl. 2.) His statement is belied, however, by his signature on the informal grievance forms indicating that his issues had been resolved by the response to the specific grievance. As such, it is more than apparent that Plaintiff failed to exhaust

---

[1] Defendants note that during the calendar year 2010, Plaintiff filed a total of twenty-three informal grievances while incarcerated in various state penal institutions. (King Aff. ¶ 16.)

the grievance procedures. In fact, in this instance, the evidence reveals that Plaintiff considered the threats to his safety by other inmates to have been resolved by the Prison, so there would have been no need to proceed to the formal grievance step. Therefore, it is recommended that Defendants' motion to dismiss be granted for Plaintiff's failure to exhaust his available administrative remedies.

## IV. Action is Now Moot

As previously stated, in Plaintiff's Complaint, he seeks only injunctive relief in the form of a transfer to another prison because his life was threatened by other inmates at Rutledge State Prison, where he was housed at the time his complaint was filed. However, in January 2011, Plaintiff was transferred to Johnson State Prison in Wrightsville, Georgia. (ECF No. 24.) Because Plaintiff has been transferred, his claim for relief has become moot. *See e.g. Rowan v. Harris*, 316 F. App'x 836, 838 (11th Cir. 2008) (citing *Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988)) (holding that a prisoner's claim seeking declaratory and injunctive relief in a § 1983 action becomes moot once the prisoner has been transferred). As such, it is recommended that Plaintiff's complaint be dismissed for mootness.

## V. Plaintiff's Motion for Judgment on the Pleadings

On March 25, 2011, Plaintiff filed a Motion for Judgment on the Pleadings, wherein he requests the Court to consider the Motion for Continuance/Motion to Amend (ECF No. 33) filed by him on March 21, 2011. (ECF No. 36.) The motion, however, was denied by the Court and further review of the same is not warranted as it would do

nothing to change the outcome of the case. Therefore, Plaintiff's motion for judgment on the pleadings should be denied.

## CONCLUSION

WHEREFORE, IT IS HEREBY RECOMMENDED that Defendants' Motion to Dismiss be GRANTED for the foregoing reasons and that Plaintiff's Motion for Judgment on the Pleadings be DENIED. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the United States District Judge within FOURTEEN (14) days after being served with a copy hereof.

SO RECOMMENDED, this 12th day of May, 2011.

S/ Stephen Hyles                .
UNITED STATES MAGISTRATE JUDGE